69 F.3d 549
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ignacio ESCARENO, Defendant-Appellant.
 No. 94-6232.
(D.C.No. CR-93-153-A).
 United States Court of Appeals, Tenth Circuit.
 Oct. 30, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 LOGAN
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Ignacio Escareno appeals his conviction and sentence following a jury trial on charges of conspiracy to distribute cocaine and marijuana, interstate travel to promote unlawful activity, and possession with intent to distribute cocaine, in violation of 21 U.S.C. 841(a)(1), 846, and 18 U.S.C.1952(a)(3) and 2. On appeal defendant contends that (1) his confession should have been suppressed, (2) the evidence was insufficient to convict, (3) his base offense level was incorrectly calculated, and (4) the district court erred in enhancing his base offense level for his role in the offense.[2]
 
 
 3
 * When FBI agents arrested defendant at his girlfriend's home, defendant made incriminating statements before they gave him Miranda warnings. On the way to the FBI office, defendant asked the officers about his fugitive status and continued making incriminating statements at which time Officer Jose Contreras administered the Miranda warning to him. Contreras testified that defendant acknowledged that he understood his rights and did not request counsel. After defendant was fingerprinted and photographed at the FBI office, Contreras provided defendant with a written statement advising him of his rights, which defendant read and signed. Contreras testified that defendant again indicated he understood his rights and did not request counsel.
 
 
 4
 According to the government's evidence, defendant then allowed Contreras and Officer James Hite to interview him about his involvement in marijuana trafficking. Defendant explained his business of obtaining and reselling marijuana brought to the United States from Mexico. Defendant stated that from mid-1990 to mid-1991 he sold approximately 100 pounds of marijuana per week. He also mentioned to the officers that he had considered consulting an attorney to determine what charges might be brought against him if he turned himself in. The parties dispute whether defendant requested counsel during this exchange. Contreras testified that he told defendant that the officers would communicate any cooperation to the prosecution and district court. In contrast, defendant asserts that he was "deceived" into believing he would receive a lighter sentence if he cooperated with the government.
 
 
 5
 Following a suppression hearing, the district court concluded that the statements defendant made before receiving the Miranda warning were voluntary. It found that any coercive effect of the arrest did not taint the voluntary nature of defendant's pre-Miranda statements, and those statements were not unlawfully induced. The court concluded that defendant received proper Miranda warnings, that he was not coerced or improperly induced to waive his rights, that his waiver was knowing and intelligent, and that defendant did not request counsel during the course of his post-arrest interview. The district court therefore refused to suppress defendant's confession. Defendant asserts that the district court erred in denying the motion to suppress.
 
 
 6
 When reviewing the denial of a motion to suppress evidence we will accept the district court's factual findings unless they are clearly erroneous. United States v. Girolamo, 23 F.3d 320, 326 (10th Cir.1994), cert. denied, 115 S.Ct. 640 (1994). We view the evidence most favorably to the district court's conclusions. United States v. Walker, 933 F.2d 812, 815 (10th Cir.1991), cert. denied, 502 U.S. 1093 (1992). But the ultimate question of reasonableness under the Fourth Amendment is reviewed de novo. United States v. Little, 18 F.3d 1499, 1503 (10th Cir.1994).
 
 
 7
 Upon arrest, a defendant must be advised of his rights before law enforcement officers begin interrogation. Miranda v. Arizona, 384 U.S. 436, 467-74 (1966). Before receiving Miranda warnings, volunteered statements by an arrestee may be used against him absent a showing of coercion or other misconduct by law enforcement. Rhode Island v. Innis, 446 U.S. 291, 300-02 (1980); Miranda, 384 U.S. at 478. If a defendant submits to questioning after receiving Miranda warnings, the government has the burden to establish that the defendant voluntarily, knowingly and intelligently waived his right to remain silent. Colorado v. Connelly, 479 U.S. 157, 168 (1986); Moran v. Burbine, 475 U.S. 412, 421 (1986). Waiver must be established by a preponderance of the evidence. Connelly, 479 U.S. at 168-69.
 
 
 8
 Defendant argues that his arrest at 1:30 a.m. at gunpoint was inherently coercive and the functional equivalent of interrogation, rendering his pre-Miranda statements involuntary. But these circumstances alone are not enough to constitute interrogation. The record supports the district court's finding that these pre-Miranda statements were spontaneous and unsolicited, and not preceded by interrogation of any kind. Thus the district court ruling that the pre-Miranda statements were voluntary and admissible into evidence must be upheld. Our holding also disposes of defendant's argument that the coercive nature of his arrest tainted his post-Miranda statements, despite two Miranda warnings. Defendant has cited no cases and we have found none in which the circumstances of an arrest were viewed as so coercive as to render involuntary post-Miranda statements made approximately an hour after the arrest.
 
 
 9
 Finally, defendant asserts that because the government "subtly deceived" him, Principal Brief of Defendant-Appellant at 15, he did not knowingly and intelligently waive his right to remain silent. He also asserts that the government denied his requests for counsel.
 
 
 10
 The district court specifically ruled that defendant was not coerced or unlawfully induced to allow interrogation by Officers Contreras and Hite. In refusing to suppress defendant's confession, the district court concluded that any duress defendant perceived from the use of weapons at his arrest was too attenuated to have had any effect by the time of the interview. The court also found specifically that the government witnesses were more credible than defendant on the allegations of unlawful inducement and refusal to cease interrogation when defendant impliedly requested counsel. Our reading of the record comports with these conclusions. We will not overturn a district court's credibility assessments, particularly when, as here, defendant's allegations depend almost entirely upon implication and inference from the record.
 
 II
 
 11
 Defendant next argues that he should have been acquitted based upon insufficiency of the evidence, a question that we review de novo. United States v. Grimes, 967 F.2d 1468, 1472 (10th Cir.), cert. denied, 113 S.Ct. 355 (1992). We consider the evidence in the light most favorable to the government and determine if a rational trier of fact could reasonably find the defendant guilty beyond a reasonable doubt. United States v. Chavez-Palacios, 30 F.3d 1290, 1293-94 (10th Cir.1994).
 
 
 12
 Defendant contends that the evidence was insufficient because the government's case depended largely upon cooperating witnesses who provided untrustworthy testimony. The question of credibility of witnesses, however, is one for the jury. See United States v. Youngpeter, 986 F.2d 349, 352-53 (10th Cir.1993).
 
 
 13
 Defendant also argues the government's evidence established only that he was a supplier but not a coconspirator, and the evidence does not support either that defendant caused interstate travel or that travel occurred with intent to promote illegal drug trade. We discuss each of these challenges in turn.
 
 
 14
 A conspiracy requires four elements: (1) an agreement with another person to violate the law, (2) knowledge of the essential objectives of the conspiracy, (3) knowing and voluntary involvement, and (4) interdependence of the alleged coconspirators. United States v. Johnson, 12 F.3d 1540, 1545 (10th Cir.1993). The record reflects an agreement existed between defendant and Lorenzo Garcia to engage in illegal drug trade, using several other individuals as distributors. The jury heard detailed testimony about the operation of the conspiracy formed for the purpose of transporting and reselling illegal drugs, and identifying the roles of conspiracy participants for distribution of both marijuana and cocaine. The verdict indicates that the jury accepted the evidence of conspiracy as credible.
 
 
 15
 The evidence also showed that defendant made payments for drug shipments and advanced travel expenses to individuals transporting marijuana and cocaine to Oklahoma City, primarily from El Paso, Texas. These individuals who brought drugs to defendant for resale and distribution engaged in a mutually beneficial scheme; interstate movement of the drugs was fundamental to the continuation of that scheme.
 
 
 16
 Finally, defendant argues that even viewing the evidence most favorably to the government the record supports only a conviction for possession, not possession with intent to sell or distribute. On the contrary, the evidence revealed that defendant advanced travel expense funds to enable certain individuals to transport drugs to Oklahoma City and repeatedly accepted large amounts of drugs that were then repackaged for resale. The record contains sufficient evidence to support the jury's finding of possession with intent to distribute.
 
 III
 
 17
 Defendant argues the district court erred in determining the drug quantity used to set defendant's base offense level under the sentencing guidelines, U.S.S.G. 2D1.1(4); 1B1.3(a). The government must prove by a preponderance of the evidence the drug quantities used in sentencing. United States v. Garcia, 994 F.2d 1499, 1508 (10th Cir.1993). We review a district court's factual findings as to drug quantities for clear error. United States v. Rios, 22 F.3d 1024, 1028 (10th Cir.1994).
 
 
 18
 The district court accepted the recommendation in the presentence report to set defendant's base offense level at 32, which was based on defendant's own admission that during approximately one year he sold about 100 pounds of marijuana per week. We also note that 5200 pounds of marijuana equates to more than 2300 kilograms in metric weight, slightly above the middle of the 1000 to 3000 kilogram range that equates to defendant's base offense level of 32. See U.S.S.G. 2D1.1(c)(5). Thus, even if the presentence report had sharply discounted the drug quantity, it would not have lowered defendant's base offense level. We have already rejected defendant's arguments that the government obtained this information in violation of his Fifth and Sixth Amendment rights. Confessions may be used to establish drug quantities. United States v. Montgomery, 14 F.3d 1189, 1197 (7th Cir.1994); see also United States v. Clark, 57 F.3d 973, 977 (10th Cir.1995) (reliance on officer testimony recounting defendant's confession as to drug quantities and corroborated by subsequent search of apartment). Further, the record contains testimony that defendant engaged in drug distribution over several years' time with various individuals.
 
 IV
 
 19
 Finally, defendant challenges whether the district court correctly determined his role in the offense. We review the district court's findings of fact for clear error, with deference to its application of the Guidelines to the facts. United States v. Reed, 1 F.3d 1105, 1110 (10th Cir.1993).
 
 
 20
 Section 3B1.1 of the sentencing guidelines provides for an increased offense level if the defendant is "an organizer, leader, manager or supervisor." Our inquiry in reviewing applications of this section focuses on a defendant's exercise of control over, or responsibility to organize, the criminal operation. United States v. Reid, 911 F.2d 1456, 1464 (10th Cir.1990), cert. denied, 498 U.S. 1097 (1991); see also U.S.S.G. 3B1.1, comment. (n.4). The record is replete with evidence of defendant insisting on carefully weighing the drugs received from drivers, and deciding to whom the drugs could be sold. The district court did not err in finding that defendant acted as an organizer or leader of the drug distribution conspiracy.
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We grant the parties' joint motion to correct the appeal record, which they filed pursuant to our show cause order. Defendant's notice of appeal by error referenced a dismissed indictment rather than the one on which defendant was convicted--CR-93-153-A. Other documents filed in the appeal, including the judgment attached to the docketing statement, referenced the correct case number. The government acknowledges it was not prejudiced. The federal rules provide for correction of the record in these circumstances. Fed. R.App. P. 10(e); see also Crump v. Hill, 104 F.2d 36, 38 (5th Cir.1939) (formalistic compliance should not overshadow substantial rights)