UNITED STATES of America,
Plaintiff–Appellee,

v.

Donald Ray HANNAH, Defendant–
Appellant.

No. 01–6019.

United States Court of Appeals,
Tenth Circuit.

Sept. 28, 2001.

Joseph G. Shannonhouse, IV, Oklahoma City, OK, for Defendant–Appellant.

Daniel G. Webber, Jr., United States Attorney, and Timothy W. Ogilvie, Assistant United States Attorney, Oklahoma City, OK, for Plaintiff–Appellee.

Before ANDERSON and BALDOCK, Circuit Judges, and BRORBY, Senior Circuit Judge.

STEPHEN H. ANDERSON, Circuit Judge.

Defendant Donald Ray Hannah pled guilty to one count of armed bank robbery, 18 U.S.C. §§ 2113(a) and (d), and one count of knowingly using, carrying and brandishing a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, 18 U.S.C. § 924(c)(1)(A)(ii). He received a sentence of 262 months on the bank robbery count, and 84 months on the firearm count. He now appeals,[1] challenging the district court's application of an upward departure under §§ 4A1.3(d) and (e) of the United States Sentencing Guidelines.[2]

Defendant admitted at a change of plea hearing that he participated in the armed robbery of a bank located on 39th Street in Oklahoma City, and that he brandished a firearm during the robbery. Armed bank robbery carries a maximum sentence of twenty-five years. 18 U.S.C. § 2113(d). Brandishing a firearm during and in relation to a crime of violence carries a minimum sentence of seven years. *Id.* § 924(c)(1)(A)(ii).

At sentencing, the district court found that defendant had two prior felony burglary convictions that were "crimes of violence" as that term is defined in USSG § 4B1.2. Accordingly, it sentenced defendant as a "career offender." *See id.* § 4B1.1. Under the career offender guideline, where the statute sets the maximum sentence for an offense at twenty-five years or more (as it does here for the armed bank robbery charge), the offense level is 34. The district court deducted three points for defendant's acceptance of responsibility, leaving him with a total offense level of 31.

Defendant's extensive criminal history placed him in criminal history category V. USSG ch. 5, Part A (sentencing table). However, the career offender guideline requires that "[a] career offender's criminal history category in every case shall be Category VI." *Id.* § 4B1.1. Therefore, the district court assigned defendant a criminal history category of VI, resulting in a sentence of 188 to 235 months on the armed robbery charge.

The presentence report prepared in this case opined that even a criminal history category of VI did not adequately reflect the seriousness of defendant's prior criminal conduct, or the likelihood that he would commit other offenses. It recommended an upward departure because defendant was pending trial or sentencing on a number of offenses at the time he committed the instant offenses, *see* USSG § 4A1.3(d), and because he had engaged in prior similar adult criminal conduct not resulting in a criminal conviction, *see id.* § 4A1.3(e). After hearing argument on this point from counsel for both defendant and the government, the district court departed upward

---

1. In his plea bargain agreement, defendant specifically reserved the right to appeal any upward departure from the sentencing guideline range determined by the sentencing court to apply to his case. R., doc. 16, at 4.

2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

by three levels, which placed defendant in the 262 to 327 month range. This upward departure is the subject of this appeal.[3]

Defendant raises two arguments in opposition to the departure in this case. He contends that the district court failed to follow the "step by step procedure" for such a departure outlined in USSG § 4A1.3, and instead substituted its subjective judgment that an upward departure was appropriate. He also argues that the degree of departure was unreasonable in view of the enhancement he had already received under the career offender guideline.

### I.

In the case of an upward departure from criminal history category VI, § 4A1.3 instructs the district court to consider the nature rather than simply the number of the defendant's prior offenses and to "structure the departure by moving *incrementally down the sentencing table* to the next highest offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." USSG § 4A1.3 (emphasis added). Defendant argues that the instruction to move "incrementally" requires the district court to expressly consider and give explicit reasons for rejecting each intervening offense level on its way down the table. In other words, defendant contends that the district court should have specifically explained why one additional offense level, or two, was not sufficient to account for his excessive criminal history, before settling on a departure of three levels.

██ We agree with nearly every circuit that has considered this question that the

directive to proceed incrementally down the sentencing table does not require that express findings be made concerning each incremental level. *See, e.g., United States v. Dixon*, 71 F.3d 380, 383 (11th Cir.1995); *United States v. Thomas*, 24 F.3d 829, 834 (6th Cir.1994); *United States v. Harris*, 13 F.3d 555, 558 (2d Cir.1994); *but see United States v. Cash*, 983 F.2d 558, 561 (4th Cir.1992). The Guideline here gives instructions concerning the methodology for structuring the departure; it does not require that express findings be made concerning each incremental step.

### II.

██ We move to defendant's second argument, that the decision to depart and degree of departure were unreasonable. We review departures from the Sentencing Guidelines under a unitary abuse-of-discretion standard. *United States v. Collins*, 122 F.3d 1297, 1302 (10th Cir.1997). "When the question presented is essentially factual, appellate review should be at its most deferential" because departure decisions in such circumstances embody a sentencing court's traditional exercise of discretion. *Id.* at 1302–03. "Where the issue is essentially legal, however, appellate review should be plenary." *Id.* at 1303.

██ In reviewing a departure from the Guidelines, we must evaluate:

(1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable Guideline heartland thus warranting a departure; (3) whether the record sufficiently supports the factual basis underlying the departure; and (4)

---

**3.** The district court also sentenced defendant to the minimum statutory sentence of eighty-four months (seven years) on the firearms count, to be served consecutively with the armed bank robbery sentence. This sentence, length of which was specifically set by USSG § 2K2.4(a)(2), was not enhanced by either the career offender or the upward departure.

whether the degree of departure is reasonable.

*Id.*

■ Our review of the record convinces us that the district court did not abuse its discretion in determining that an upward departure was warranted in this case. Departures from the career offender guideline are authorized where a defendant's criminal history places him outside the "heartland" of career offenders. *Cf. id.* at 1304 (applying heartland analysis to downward departure from career offender guideline). The district court permissibly relied upon the defendant's numerous charges pending for prior offenses and the fact that he had been on trial or parole when he committed the instant offense, to remove him from the heartland of the career offender guideline. *See* USSG § 4A1.3(d) and (e). The district court provided a sufficient explanation, supported by specific facts in the record, for the departure.

■ We are unable to review the district court's degree of departure in this case, however, because the record does not sufficiently indicate why the district court chose the degree of departure it did. Although the district court articulated a factual basis for departing from the Guideline range here, that does not automatically serve to explain the *degree* of departure it chose. *United States v. Whiteskunk,* 162 F.3d 1244, 1253 (10th Cir.1998). "This requirement—of stating the reasons for the degree of departure—is separate and distinct from the requirement that district courts explain why a departure is warranted." *United States v. Bartsma,* 198 F.3d 1191, 1196 (10th Cir.1999).

The district court explained the degree of departure at sentencing as follows:

[W]hen this Defendant committed the instant offense, he had pending applications to revoke his probation sentences in the four cases previously cited. In addition, eight new charges involving crimes of serious drug offenses or some type of violence were pending at the time that this Defendant committed the instance offense and are still pending.

The Court is fully aware it is within its discretion to depart upwards. The Court is also fully aware of the lengthy enhancement already attributed to the Defendant. Despite that enhancement, the Court is of the opinion that this upward departure from an already enhanced sentence under the career offender section of the guideline is warranted in this particular case.

The Court would also note that pursuant to Title 18, Section 3553 that this upward departure ... which the Court has imposed in this case, the upward departure, reflects the seriousness of the offense involved, that it is an adequate deterrence to further criminal conduct of this Defendant and that it is one which should promote respect for the law and protects the public from further crimes of this Defendant.

R., Vol. III at 20.[4]

■ While we do not require the district court to give a mathematically precise explanation of the degree of departure, *Whiteskunk,* 162 F.3d at 1254, the district court must "specifically articulate reasons for the degree of departure using any reasonable methodology hitched to the Sentencing Guidelines, including extrapolation from or analogy to the Guidelines," *Bartsma,* 198 F.3d at 1196 (quotation omitted). The explanation the district court gave mirrors similar justifications we have held to be insufficiently particular to justify a degree of departure. *See, e.g., id.* at 1196–

---

4. The judgment and sentence also contains a statement identifying the reason for depar- ture, which is similarly unhelpful as to the degree of departure. R., Vol. I, doc. 28 at 7.

97; *Whiteskunk,* 162 F.3d at 1254; *United States v. Okane,* 52 F.3d 828, 837 (10th Cir.1995).

In discerning whether the record contains a necessary explanation of the methodological basis for the degree of departure, we do not limit our review to the district court's express pronouncements at sentencing; statements in the record or the presentence report can provide the necessary basis for review. *See Whiteskunk,* 162 F.3d at 1253. The presentence report here recommended an upward departure of three levels so that defendant could be awarded the maximum statutory sentence of 300 months. This explanation is insufficient to justify the three-level departure actually awarded, however. Even if we assume that a decision to hitch the guideline sentence to the statutory maximum in and of itself provides an adequate explanation for the degree of departure,[5] the district court did not award the maximum statutory sentence, but instead chose to award a sentence at the lower end of the offense level it selected. This leaves us without even the degree of certainty afforded by an unexplained application of the maximum statutory sentence. *See United States v. Checora,* 175 F.3d 782, 795 n. 6 (10th Cir.1999).

Given our inability to determine whether the degree of departure was unreasonable, we must remand for resentencing. Accordingly, we AFFIRM the district court's upward departure, VACATE the sentence, and REMAND to the district court for resentencing in a manner consistent with this opinion.

---

**5.** We note that the career offender guideline is already designed to insure that career offenders receive a sentence at or near the statutory maximum. *See* USSG § 4B1.1 comment (backg'd); *see also* 28 U.S.C. § 994(h) (Congressional directive concerning career offenders).