**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David Louis SIANY, Defendant– Appellant.**

**No. 01–6196.**

United States Court of Appeals, Tenth Circuit.

Dec. 27, 2001.

Before EBEL, KELLY, and LUCERO, Circuit Judges.

## ORDER AND JUDGMENT *

LUCERO, Circuit Judge.

In this direct criminal appeal, David Louis Siany argues that the district court erred in upwardly departing from the sentencing range recommended by the Sentencing Guidelines Manual. We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291. Because we conclude that the district court did not abuse its discretion, we affirm.

I

In October and November of 2000, Siany committed three unarmed bank robberies in Oklahoma and Texas. For each robbery he would drive to a branch bank located inside a grocery store, approach the teller with a jacket draped over his arm, inform the teller that he was carrying a nine-millimeter pistol, and demand that the teller place money in a plastic bag he provided. Siany would effect his escape in a green sport utility vehicle that he had stolen from an auto dealership in Oklahoma. He was eventually arrested in Texas while casing another bank located in a grocery store.

A four-count information was filed against Siany in district court. Three of the charges were for bank robbery in vio-

---

* The case is unanimously ordered submitted without oral argument pursuant to Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

lation of 18 U.S.C. § 2113(a), and the fourth was for the interstate transportation of a stolen vehicle in violation of 18 U.S.C. § 2312. Siany pled guilty to each of the counts, and the district court sentenced him to 110 months imprisonment. To arrive at this sentence, the court determined that the Guidelines computation resulting in a criminal history category of III for Siany did not adequately reflect the seriousness of his past criminal conduct and that an upward departure to a criminal history category of VI was more appropriate. Specifically, the court decided that a number of prior convictions—for issuing bad checks, possessing forged instruments, grand larceny, embezzlement, obtaining money by false pretense, and driving under the influence—that were not considered in the criminal history computation, as well as the fact that Siany had felony charges pending in state court at the time he committed the instant offenses, merited the upward departure. Had the district court not upwardly departed, Siany's sentencing range would have been only seventy to eighty-seven months. Siany repeatedly objected to this exercise of the district court's discretion, and under the terms of his plea agreement he reserved the right to appeal such a departure.

## II

Under the Guidelines, calculation of a defendant's criminal history category ordinarily does not take into account "stale" prior sentences. *See* U.S.S.G. § 4A1.2(e)(1) (excluding from criminal history calculation sentences exceeding thirteen months if not imposed within fifteen years of the commencement of the instant offense); *id.* § 4A1.2(e)(2) (excluding from calculation any other prior sentences if not imposed within ten years of the instant offense). However, the Guidelines allow a sentencing court to depart from an otherwise applicable Guideline range "if

the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.'" *Id.* § 5K2.0 (quoting 18 U.S.C. § 3553(b)).

The Guidelines specifically contemplate an upward departure if the sentencing court determines "that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." *Id.* § 4A1.3. Information relevant to such a determination includes the fact of "prior sentence(s) not used in computing the criminal history category," and "whether the defendant was pending trial or sentencing on another charge at the time of the instant offense." *Id.; see also id.* § 4A1.2, cmt. n. 8 ("If the court finds that a sentence imposed outside [the applicable time period] is evidence of similar, or serious dissimilar, criminal conduct, the court may consider this information in determining whether an upward departure is warranted under § 4A1.3 (Adequacy of Criminal History Category).").

To determine whether the district court abused its discretion in departing from the Guidelines, we must evaluate:

(1) whether the factual circumstances supporting a departure are permissible departure factors; (2) whether the departure factors relied upon by the district court remove the defendant from the applicable Guideline heartland thus warranting a departure, (3) whether the record sufficiently supports the factual basis underlying the departure, and (4) whether the degree of departure is reasonable.

*United States v. Collins*, 122 F.3d 1297, 1303 (10th Cir.1997). Although we need not defer to the district court's resolution

of the first question because it is primarily a legal issue, all four steps of this departure review analysis are subject to a "unitary abuse of discretion standard." *Id.* We proceed to address each step.

Whether a factual circumstance supporting a departure is a permissible departure factor is a legal question that we review de novo. *Koon v. United States,* 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *Collins,* 122 F.3d at 1303. We have already held that "[b]ecause § 4A1.3 provides an encouraged basis for departure," a sentencing court's reliance on that section's enumerated departure factors is permissible. *United States v. Bartsma,* 198 F.3d 1191, 1195 (10th Cir.1999) (holding that a set of stale prior sentences is a permissible departure factor); *see also United States v. Hannah,* 268 F.3d 937, 941 (10th Cir.2001) (holding that the fact that charges are pending at the time of the offense is a permissible departure factor).

We must give "substantial deference" to the district court's resolution of the second question—whether the departure factors it relied upon remove the defendant from the applicable Guidelines heartland under the facts of the case. *Collins,* 122 F.3d at 1303. Given Siany's pending state felony charges and his multiple uncounted convictions for a range of serious conduct, we conclude that the district court did not abuse its discretion in determining that Siany's "criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3.

■ We also conclude that the record sufficiently supports the factual basis underlying the departure. We review for clear error the factual determinations underlying the district court's decision to depart. *See United States v. Maldonado–Campos,* 920 F.2d 714, 720 (10th Cir.1990);

*see also United States v. Talk,* 158 F.3d 1064, 1071 (10th Cir.1998) (noting that the clear-error standard articulated in *Maldonado–Campos* is unaltered by *Koon* ). Because Siany did not contest the facts of his prior convictions and of his pending state charges at his sentencing hearing, it was not clearly erroneous for the district court to rely on those facts in the presentence report. *See United States v. Yates,* 22 F.3d 981, 989 (10th Cir.1994) ("Only facts that are contested at a sentencing hearing must be established by a preponderance of the evidence.").

■ Finally, we address whether the district court's degree of departure from criminal history category III to category VI was reasonable. In making this determination,

we consider the district court's reasons for imposing the particular sentence together with factors such as: "the seriousness of the offense, the need for just punishment, deterrence, protection of the public, correctional treatment, the sentencing pattern of the Guidelines, the policy statements contained in the Guidelines, and the need to avoid unwarranted sentencing disparities."

*Collins,* 122 F.3d at 1308–09 (quoting *United States v. White,* 893 F.2d 276, 278 (10th Cir.1990) (citing 18 U.S.C. § 3742(e)(3) and 18 U.S.C. § 3553(a))). The district court noted that

[Siany] has several prior convictions which were not considered in the computation of the criminal history category due to the date of the offense. If counted, these convictions would result in ten additional criminal history points for a ... criminal history category of 6. This, coupled with the fact that the defendant had felony charges pending in [state court] when he committed the instant offenses, warrants a departure from the

prescribed guideline range pursuant to USSG Section 4A1.3(a) and (e). *The departure is a guided departure, in that the criminal history category which most closely resembled the criminal history of this defendant, a category 6, will be used to determine the sentence in this case.*

(Sentencing Tr. at 27 (emphasis added).) It is true that an "explanation [that] does nothing more than restate the justification for upward departure ... does not fulfill the separate requirement of stating the reasons for imposing the particular sentence." *United States v. Whiteskunk*, 162 F.3d 1244, 1254 (10th Cir.1998) (quotation omitted). Nonetheless, the district court sufficiently "articulate[d] reasons for the degree of departure using [a] reasonable methodology hitched to the Sentencing Guidelines, including extrapolation from or analogy to the Guidelines." *Bartsma*, 198 F.3d at 1196 (quotations omitted). In arriving at a sentence, the court took account of the sentencing pattern and policies of the Guidelines and reached a reasonable determination in light of the factual circumstances presented to it. We conclude that the district court's rationale and conclusions were reasonable.

## III

AFFIRMED. The mandate shall issue forthwith.