HENRY, Circuit Judge,
concurring.
I agree with the majority that the district court did not plainly err in imposing the conditions of supervised release regarding the payment of child support and participation in a mental health treatment program. I write separately to emphasize that our opinion in United States v. Bartsma, 198 F.3d 1191 (10th Cir.1999), remains good law.
In Bartsma, we concluded that when a special condition of supervised release implicates a liberty interest and when there is “a lack of any obvious nexus between the condition and the crime of conviction,” a defendant must be notified (either actually or constructively) of the proposed condition before it may be imposed. Id. at 1200 n. 7. I read our opinion here as assuming, without deciding, that the conditions imposed on Mr. Barajas implicated a liberty interest and as further concluding that Mr. Barajas received constructive notice of the possibility that he would be subject to the conditions imposed. Cf. Vitek v. Jones, 445 U.S. 480, 494, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (holding that “the stigmatizing consequences of a transfer to a mental hospital for involuntary psychiatric treatment, coupled with the subjection of the prisoner to mandatory behavior modification as a treatment for mental illness, constitute the kind of deprivations of liberty that requires procedural protections”). In light of statutory and Guidelines provisions and the District of Kansas Standing Order noted by the ma *1148 jority, I agree that Mr. Barajas received constructive notice.