**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

BENJAMIN RAYMOND,

      Defendant - Appellant.

No. 04-2351
(D.C. No. CR-03-2066-MV)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

    Defendant was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant pled guilty to the charge. At

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentencing, the district court concluded that Defendant was an armed career criminal and sentenced Defendant consistent with the provisions of the Armed Career Criminal Act (ACCA).

On June 29, 2002, police officers from the Albuquerque Police Department investigated a report of a woman attempting to pass a fraudulent check. During the course of their investigation, the officers confronted a woman matching the description they had received and Defendant. The officers performed a "pat-down" search of Defendant, and found two handguns in his possession: a loaded Ruger 9-millimeter and a Smith and Wesson 9-millimeter.

Defendant was arrested. After pleading guilty to being a felon in possession of firearms, Defendant prepared for sentencing. The presentence report prepared by the probation office concluded that Defendant had three prior convictions involving "violent felonies" as defined by the ACCA and, therefore, that Defendant was subject to a mandatory minimum sentence of fifteen years under 18 U.S.C. 924(e).

Under 924(e), a "person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony . . . shall be fined under this title and imprisoned not less than fifteen years . . . ." Relying on *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Defendant objected to the presentence report's conclusion that he had

been convicted of three "violent felonies" for purposes of the ACCA on the grounds that such determinations were findings of fact that must be made by a jury beyond a reasonable doubt and not by the sentencing court by a preponderance of the evidence. Rec., Vol. I, Tab 46. Concluding that Defendant had three prior "violent felony" convictions for robbery, attempted armed robbery, and aggravated burglary, the district court overruled Defendant's objection and sentenced Defendant to fifteen years' imprisonment pursuant to 18 U.S.C. 924(e). *Id.*, Vol. IV, at 35-36.

A written judgment and commitment order was prepared which included the terms of Defendant's conditions of supervised release. One of these conditions was the requirement that Defendant "submit to a search of his person, property, or automobile under his control" and that "[h]e must inform any residents that [his] premises may be subject to a search." *Id.*, Vol. I, Tab 52, at 4. The district court never mentioned this "consent to search" condition during Defendant's sentencing hearing.

On appeal, Defendant again challenges his sentence as being imposed in violation of his constitutional rights, as recently articulated by the Supreme Court in *United States v. Booker*, __U.S.__, 125 S. Ct. 738 (2005). Specifically, Defendant claims that the district court committed constitutional error when it concluded by a preponderance of the evidence that his prior convictions were

"violent felonies" under the ACCA. A sentence enhancement under the ACCA is a legal issue and, thus, we review it *de novo*. *United States v. Moudy*, 132 F.3d 618, 619 (10th Cir. 1998).

We agree with Defendant's admission in his brief that "[t]his Court has rejected arguments identical to [Defendant's] in *United States v. Moore*, 401 F.3d 1220 (10th Cir. 2005)."[1] Aplt. Br. at 11.

In *Moore*, we held that a district court's determination that a defendant's prior convictions constituted "violent felonies" for purposes of the ACCA was a question of law to be determined by the court, and not a question of fact required to be pled in an indictment, submitted to a jury, and proved beyond a reasonable doubt. *See Moore*, 401 F.3d at 1224-25, 1226. Therefore, consistent with our decision in *Moore*, Defendant's sentence pursuant to the ACCA must stand.

Defendant also takes issue with the discrepancy between his oral sentence and the written judgment and commitment order. Defendant is specifically concerned with the "consent to search" condition imposed as part of his terms of supervised release, which is found in the judgment and commitment order but not included in the oral sentence.

---

[1] We note that Defendant raises this issue as a preservation technique to possibly overturn *United States v. Moore*, 401 F.3d 1220 (10th Cir. 2005), by an *en banc* decision from this court or from a decision by the United States Supreme Court. Unless and until that happens, we are bound by the precedent of this court articulated in *Moore*.

We review conditions of supervised release for abuse of discretion. *United States v. Bartsma*, 198 F.3d 1191, 1197-98 (10th Cir. 1999) (noting that plain error standard was not appropriate standard of review when defendant afforded no notice of condition).[2]

We agree with both parties that the special condition of supervised release to consent to search that was not announced during the sentencing hearing should be stricken from the judgment and commitment order. *See United States v. Villano*, 816 F.2d 1448, 1450 (10th Cir. 1987) (en banc) ("It is a firmly established and settled principle of federal criminal law that an orally pronounced sentence controls over a judgment and commitment order when the two conflict."). Because there is obviously "a conflict between the oral sentence and the written judgment and commitment order, the oral sentence controls." *See id.* at 451.

Accordingly, we **AFFIRM** the district court's sentence except for the consent-to-search requirement contained in the conditions of supervised release

---

[2]In all practicality, however, the distinction between plain error and abuse of discretion is irrelevant to the outcome of this case since we would reach the same result under either standard. *See*, *e.g.*, *United States v. Mangone*, 105 F.3d 29, 36 (1st Cir. 1997) (finding plain error when the sentencing court departed upward without giving prior notice to the defendant).

and **REMAND** with directions to strike only that portion from the judgment and commitment order.

Entered for the Court

Monroe G. McKay
Circuit Judge