**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN BODENHEIMER,

Defendant-Appellant.

No. 05-2221

District of New Mexico

(D.C. No. 03-596 MCA)

---

**ORDER AND JUDGMENT** *

---

Before **HARTZ** , **SEYMOUR** , and **McCONNELL** , Circuit Judges.

---

Defendant-Appellant John Bodenheimer pleaded guilty to one count of

possession of matter containing visual depictions of children engaged in sexually

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

explicit conduct and further agreed to the criminal forfeiture of all related property. On August 19, 2003, the district court sentenced Mr. Bodenheimer to 33 months in prison and 3 years of supervised release, and issued a special penalty assessment of $100.00. After his original trial counsel failed to file and perfect a direct appeal, Mr. Bodenheimer filed a motion under 28 U.S.C. § 2255. The district court granted habeas relief, vacating and immediately reinstating Mr. Bodenheimer's conviction and sentence so that he could take a direct appeal of his criminal conviction to this Court. Mr. Bodenheimer timely appealed his conviction and sentence, and his counsel, Todd Hotchkiss, filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). We find that neither Mr. Bodenheimer nor his counsel raises any non-frivolous issues on appeal, and we grant counsel's motion to withdraw and dismiss the appeal.

## Factual and Procedural Background

Mr. Bodenheimer was charged with one count of possession of matter containing visual depictions of children engaged in sexually explicit conduct and one count of criminal forfeiture of all related property. He pleaded guilty to both counts. In his plea agreement, Mr. Bodenheimer stipulated that he was, in fact, guilty of the charged offenses and acknowledged that if he "chose to go to trial

instead of entering [his] plea, the United States could prove facts sufficient to establish [his] guilt to the charges in the information beyond a reasonable doubt."

The district judge conducted a plea hearing on April 10, 2003. During the hearing, the judge questioned Mr. Bodenheimer about his competence and capacity to enter a plea. When she asked Mr. Bodenheimer whether he was thinking clearly that morning, he turned to his counsel. The district judge said, "Mr. Bodenheimer, don't be looking to your lawyer to give you answers. If you don't understand the question, let me know."

Prior to sentencing, Mr. Bodenheimer's counsel, Thomas Jameson, made a motion for downward departure. Relying on a psychological report that detailed Mr. Bodenheimer's childhood history as a victim of abuse and concluded that Mr. Bodenheimer had diminished mental capacity, counsel argued that Mr. Bodenheimer's diminished mental capacity and the non-violent nature of the offense militate in favor of a downward departure in sentencing. The court recognized Mr. Bodenheimer's personal history and accepted the fact of his diminished mental capacity, but declined to depart downward because the nexus between the diminished capacity and the crime committed was insufficient to justify a downward departure. At the end of the hearing, the district court sentenced Mr. Bodenheimer to 33 months in prison and 3 years of supervised release and issued a special penalty assessment of $100.00.

**Discussion**

Mr. Bodenheimer raises eight claims on appeal, which we construe liberally. Five of those claims amount to claims of ineffective assistance of counsel. Such claims must be brought in a proceeding for habeas review rather than on a direct appeal, and we therefore do not consider them. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) (footnote omitted) (explaining that one reason ineffective assistance claims may not be brought on direct appeal is the need for development of a factual record). Mr. Bodenheimer also challenges the validity of his plea agreement and the reasonableness of his sentence to three years of supervised release. Finally, he makes a Sixth Amendment claim that he was denied the right to consult with his attorney. We consider each of these claims in turn.

*A. Involuntary Plea Agreement*

First, Mr. Bodenheimer contends that he did not have the necessary mens rea to be convicted of the charged offenses. This, however, directly contradicts his plea agreement. In his plea agreement, Mr. Bodenheimer pleaded guilty to the two counts charged and stipulated that he was guilty of the charged offenses. He stated that if he "chose to go to trial instead of entering [his] plea, the United States could prove facts sufficient to establish [his] guilt to the charges in the

information beyond a reasonable doubt." Thus, this challenge to his conviction fails.

Liberally construing Mr. Bodenheimer's contention, it is possible that he is challenging the voluntariness of his plea agreement. The Constitution requires that a defendant entering a plea of guilty do so knowingly and voluntarily. *Fields v. Gibson*, 277 F.3d 1203, 1212-13 (10th Cir. 2002). Mr. Bodenheimer, however, has not identified any evidence in the record that might suggest that his plea was made unknowingly or involuntarily. That version of the claim, therefore, also fails.

B.    *Reasonableness of Mr. Bodenheimer's Sentence to Supervised Release*

Second, Mr. Bodenheimer contends that, because the district court judge found that his offenses were not violent acts for the purposes of sentencing, his sentence to three years of supervised release to be served after his thirty-three months in prison is unreasonable. After *Booker*, we review imposed sentences for reasonableness, and, when "the district court properly considers the relevant Guidelines range and sentences the defendant within that range," we presume that the sentence is reasonable. *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). In addition, "[d]istrict courts enjoy broad discretion in fashioning conditions of supervised release." *United States v. Bartsma*, 198 F.3d 1191, 1200 (10th Cir. 1999).

In this case, the district court acted within its discretion and the imposition of a supervised release was reasonable. Under the advisory supervised release sections of the Federal Sentencing Guidelines, it is recommended that a district court impose a term of supervised release "when a sentence of imprisonment of more than one year is imposed." U.S. SENTENCING GUIDELINES § 5D1.1(a). The Guidelines recommend a two- to three-year term of supervised release for all class C or D felonies and advise that the maximum recommended term should be imposed when the conviction is for a sex offense. *Id.* at § 5D1.2(a)(2) & (b)(policy statement). Indeed, the guidelines allow for the imposition of a lifetime of supervised release when the conviction is for a sex offense. *Id.* at § 5D1.2(b). The sentence of supervised release in this case corresponds to the sentence recommended by the Guidelines, and the defendant has suggested no persuasive reason why the circumstances of his case demand different treatment. We, therefore, find the sentence to be reasonable.

## C. *Denial of Right to Counsel*

Finally, Mr. Bodenheimer contends that he was denied his Sixth Amendment right to effective counsel when the district court judge "jumped on" him when he turned to his attorney to ask him a question during the plea hearing. In the context of a criminal defendant testifying during trial, there is precedent that a judicial order that the defendant not consult with his attorney during a

recess can amount to a denial of effective assistance of counsel. *See Geders v. United States*, 425 U.S. 80, 91 (1976) (holding that a trial court order prohibiting criminal defendant from consulting with counsel during a 17-hour, overnight recess after defendant's direct examination and before the cross-examination was reversible error, even though the prohibition was made because of concern about inappropriate "coaching" of the defendant). This precedent, however, is limited: a court order prohibiting communication between the defendant and counsel during a brief recess during the defendant's testimony does not violate the defendant's right to effective assistance of counsel. *See Perry v. Leeke*, 488 U.S. 272, 280-81 (1989). As the Supreme Court explained, a criminal defendant, as a witness, "has no constitutional right to consult with his lawyer while he is testifying. He has an absolute right to such consultation before he begins to testify, but neither he nor his lawyer has a right to have the testimony interrupted in order to give him the benefit of counsel's advice." *Id.* at 281.

In this case, by analogy to the Supreme Court precedent cited above, we find that Mr. Bodenheimer was not denied his right to counsel. The alleged denial of counsel occurred during Mr. Bodenheimer's plea hearing. The district court judge was questioning Mr. Bodenheimer about his competence and capacity to enter a plea. When she asked Mr. Bodenheimer whether he was thinking clearly that morning, he turned to his counsel. The district court judge said, "Mr.

-7-

Bodenheimer, don't be looking to your lawyer to give you answers. If you don't understand the question, let me know." Although Mr. Bodenheimer was not on the witness stand, he was being questioned by the judge so that she could determine his competence to enter a plea. At that moment, Mr. Bodenheimer did not have a Sixth Amendment right to consult with his attorney, and it was not error for the district court judge to instruct him to answer her questions without consulting his attorney.

Accordingly, the judgment of the United States District Court for the District of New Mexico is **AFFIRMED** .

Entered for the Court,

Michael W. McConnell
Circuit Judge