**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEANDRE LARON VERNER, also
known as D'Andre Laron Verner,

Defendant - Appellant.

No. 06-5202

N.D. Okla.

(D.C. No. 06-CR-044-001-TCK)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Deandre Laron Verner pled guilty to drug and firearms charges. The

district court sentenced Verner to a total of 127 months imprisonment to be

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

followed by a five year term of supervised release. Verner challenges the district court's imposition of sex offender restrictions as a condition of his supervised release without giving him prior notice of its intention to do so.

The Presentence Report (PSR) did not recommend imposing sex offender restrictions as a condition of Verner's supervised release. Indeed, the district court only mentioned sex offender restrictions when it imposed the restrictions at the sentencing hearing. Even then, the court did not list each restriction it imposed; instead, in the judgment, the court later referred to a number of restrictions contained in the "Special Sex Offender Restrictions," enumerated in General Order Number 99-17.

The government concedes the law in effect at the time of Verner's sentencing required Verner receive presentence notice that the court was contemplating imposing sex offender restrictions as a condition of supervised release. *See United States v. Bartsma*, 198 F.3d 1191, 1199 (10th Cir. 1999). Additionally, *Bartsma* did not require defendants to raise the error in the district court in order to preserve it and establish harmless error as the proper standard of review. *Id.* at 1198-99; *United States v. Atencio*, 476 F.3d 1099, 1105-06 n.6 (10th Cir. 2007).[1]

_____

[1] In *Atencio*, this Court overruled *Bartsma*'s holding that harmless error review would apply even where a party failed to object in the district court. *Atencio*, 476 F.3d 1099, 1105-06 & n.6. Instead, we determined plain error review was appropriate in such cases. *Id.* However, we announced the new rule would apply prospectively. *Id.* Because Verner was sentenced prior to *Atencio*,

In *Bartsma*, Bartsma received no notice prior to sentencing that the district court was intending to require him to register as a sex offender as a condition of supervised release. 198 F.3d at 1198-99. We remanded, holding Bartsma "was entitled to receive reasonable presentence notice, either from the Presentence Report, a prehearing submission from the Government, or the district court itself, that a special condition of supervised release requiring him to register as a sex offender was a possibility." *Id.* at 1200. Moreover, we noted any condition imposed must "involve no greater deprivation of liberty than is reasonably necessary to deter criminal conduct, protect the public, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." *Id.* at 1200 (quotations omitted). "The conditions must also be reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* (quotations and brackets omitted).

Like Bartsma, Verner was "entitled to receive reasonable presentence notice" of the court's intention to impose sex offender restrictions as a condition of his supervised release. *Id.* Therefore, we reverse the imposition of the sex offender restrictions and remand for re-sentencing with appropriate notice.[2]

_____

we will apply harmless error review even though Verner did not object in the district court.

[2] *Atencio* leads to the same result. There, we applied *Bartsma* to remand for re-sentencing where the district court imposed a sex offender registration requirement as a condition of supervised release without advance notice to the defendant. *Atencio*, 476 F.3d at 1108. Applying harmless error, we could not say

Verner also contends the sex offender restrictions imposed by the district court run afoul of the *Bartsma* standards governing conditions of supervised release. We decline to address this argument in the first instance. On remand, Verner may argue the propriety of imposing sex offender restrictions as a condition of his supervised release.

REVERSED and REMANDED.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge

---

the lack of notice was harmless.