**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 2 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

LEON PAYNE,

    Defendant-Appellee.

No. 02-3245

(D.C. No. 01-CR-10096-01-JTM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **BRISCOE**, Circuit Judges.[**]

Defendant Leon Payne pled guilty to possession of an unregistered firearm. The district court departed downward from a guideline range of 110-137 months imprisonment and sentenced him to five years probation. The Government appeals pursuant to 18 U.S.C. § 3742(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate the sentence and remand for re-sentencing.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. 34.1(G). The case is therefore ordered submitted without oral argument.

During a consent search of Defendant's home, Wichita Police officers saw a shotgun in plain view. The shotgun's barrel was partially sawed off and the wooden stock was reduced to the shape of a pistol grip. The shotgun's barrel was two inches under the legal limit, and the serial number had been removed. Defendant claimed the shotgun belonged to his son. A further search of Defendant's home revealed a picture of Defendant brandishing the same shotgun.

A federal grand jury indicted Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5845(a)(1), 5861(d), & 5871. Pursuant to a plea agreement, Defendant, in exchange for dismissal of the felon in possession charge, pled guilty to possession of an unregistered firearm.[1] The presentence report calculated Defendant's guideline range as 110-137 months imprisonment, based on a total offense level of twenty-five and criminal history category VI. The presentence report noted Defendant successfully completed a drug treatment program at a Veterans Administration Facility, after which he voluntarily entered a long-term drug treatment program at a Veterans Hospital. The report suggested that, considering Defendant's extensive and lengthy drug abuse problems prior to his arrest in this case, his "effort to maintain sobriety could meet

---

[1] Had Defendant been convicted of being a felon in possession, he would have faced a statutory mandatory minimum sentence of fifteen years imprisonment under 18 U.S.C. § 924(e), because his criminal history includes three prior convictions for violent felonies or serious drug offenses.

the standard of consideration for a downward departure because of significant post arrest rehabilitation efforts."

At sentencing, the district court accepted the presentence report's recommendation of a guideline range of 110-137 months imprisonment. The court then granted a downward departure and imposed a sentence of five years probation based on Defendant's exceptional post arrest drug rehabilitation and employment efforts:

> [The Probation Office] has provided some potential grounds for downward departure in this case, and I'm going to do something in this case that I can't recall ever having done in a case previously, and that is I'm going to depart downward and put Mr. Payne on five years probation. The justification for that is exceptional rehabilitation. I have received, in addition to the information in the report, a couple of reports by Gerald J. Vandervort, who's a counselor of Mr. Payne's. Also received some information from Wal-Mart regarding the job that Mr. Payne is doing there that indicates that he's nothing short of an exceptional employee. Mr. Payne has had roughly a 25 or 30-year problem with substance addiction. It's run the gamut. All kinds of drugs. He has been absolutely clean, has not had a dirty UA for a period of months and months and months. Every report that I get is that he has been exceptional in every way, including his attitude toward trying to get his life straightened out.

The district court also indicated that it took "very seriously" Defendant's criminal history and the possibility that had he been convicted of the felon in possession charge he would have been an armed career offender subject to a mandatory fifteen-year sentence. The court stated placing Defendant on probation was a preferred sentence because "we have a better hold on [Defendant]" because if Defendant "blows" his probation, Defendant would be sentenced to a longer prison term than if he were sentenced to prison and then placed on supervised release. Finally, the district court commented on the magnitude of

3

the departure:

> I recognize that this sentence, as I noted, represents a huge departure from the otherwise applicable guideline range. I've considered the nature and circumstances of the offense. I've considered Mr. Payne's personal characteristics, his significant post-arrest rehabilitation efforts. . . . I do believe Mr. Payne's efforts have gone well beyond the standard post-arrest/rehab efforts into the exception, and, again, I do believe that they show an exceptional degree of effort beyond that accounted for by the guidelines. As I said, I think probation in this circumstance is a bigger hammer than a prison sentence, followed by supervised release, would be, because, as I've noted earlier, Mr. Payne, you face a very, very long prison sentence if you blow your probation.

On appeal, the Government does not argue the district court abused its discretion by departing downward based on Defendant's exceptional post-arrest rehabilitation and employment efforts. See United States v. Jones, 158 F.3d 492, 502-03 (10th Cir. 1998) (district court may consider exceptional post-offense rehabilitation as ground for downward departure). Rather, the Government argues the district court departed to an unreasonable degree. See 18 U.S.C. § 3742(e)(3)(C). We review the degree of the district court's downward departure for an abuse of discretion. See id. § 3742(e). "In determining whether the degree of departure is reasonable . . ., 'the appellate court should afford the trial court some discretion, as we should not lightly overturn determinations of the appropriate degree of departure.'" United States v. Goldberg, 295 F.3d 1133, 1138 (10th Cir. 2002) (quoting United States v. Flinn, 987 F.2d 1497, 1504 (10th Cir. 1993)).

We consistently have required the district court to articulate specifically "'reasons for the degree of departure using any reasonable methodology hitched to the Sentencing

4

Guidelines, including extrapolation from or analogy to the Guidelines.'" Id. (emphasis in original omitted) (quoting United States v. Hannah, 268 F.3d 937, 941 (10th Cir. 2001)). As in Golberg, the district court's justification for the degree of departure in this case lacks any analogy, extrapolation, or reference to the sentencing guidelines. The district court's explanation for the sentence imposed focused on Defendant's exceptional rehabilitative efforts, and while Defendant's efforts are a valid basis for some departure, the court gave no explanation for the degree of that departure.

The district court departed downward the equivalent of twenty-four offense levels apparently because such a dramatic departure was necessary to qualify Defendant for a sentence of probation. The court specifically stated that it did so in part, at least, because it believed probation was a "bigger hammer" than imprisonment followed by supervised release. Goldberg specifically rejected a district court's result-oriented eight-level departure to render a defendant eligible for a non-incarceration sentence:

> The methodology employed by the district court to determine the degree of departure was not a reasonable methodology hitched to the Sentencing Guidelines, because it is based neither on analogy, extrapolation, or reference to the sentencing guidelines, nor on other sentences imposed under the Guidelines. The approach used by the district court is not consistent with the fundamental goal of enacting the Guidelines, which was to promote uniformity in sentencing for federal crimes.

Goldberg, 295 F.3d at 1139 (internal quotations and citations omitted). Likewise, the district court's methodology in this case was not based on an analogy, extrapolation, or reference to the guidelines, nor on other sentences imposed under the guidelines. Rather,

5

the district court substituted its preferred sentence of probation as a "bigger hammer" than incarceration. This approach is not hitched to the guidelines, and does not promote uniformity in sentencing. Consequently, we vacate the sentence and remand for re-sentencing.[2]

For the foregoing reasons, we VACATE the district court's sentence and REMAND for determination of the appropriate degree of downward departure.

Entered for the Court,

Bobby R. Baldock
Circuit Judge

---

[2] To the extent the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (Protect Act), Pub. L. No. 108-21, 117 Stat. 650 (April 30, 2003), affects this case, a matter not briefed by the parties due to the Act's recent enactment, we hold the district court validly may depart to some degree based on Defendant's exceptional rehabilitation efforts. See 18 U.S.C. § 3742(g)(2)(B). The Government does not dispute that a departure based on exceptional post-arrest rehabilitation is warranted under the facts of this case, and the district court made sufficient findings of Defendant's exceptional efforts to overcome his thirty-year addiction to drugs to depart on this basis.