**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

TYRONE DEMETRIUS SHEPPARD,
aka Tyrone Demetrius Jones,

　　Defendant-Appellant.

No. 03-6207

(D.C. No. 03-CV-43-R)

(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **BRISCOE** and **HARTZ,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Tyrone Demetrius Sheppard appeals the sentence imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 922(g). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Prior to sentencing, the district court informed the parties it was considering an upward departure based on information in the presentence report that Sheppard had used firearms in his possession to shoot at two residences immediately prior to his arrest. After departing upward 4 offense levels from the applicable guidelines offense level of 21, the district court sentenced Sheppard to an 84-month term of imprisonment. The district court explained its decision for upward departure, finding

> that the defendant fired a weapon into a residence, at least one residence, probably two residences, risking substantial harm or death to the occupants, and no provision exists for this additional aggravating, serious criminal behavior in 2K2.1.
> Recent Tenth Circuit cases provide[] an upward departure from the Guidelines must be reasonable and should be hitched to the Guidelines by an analogy or reference. Accordingly, the Court finds that an upward departure of four offense levels similar to the enhancement available in 2K2.1(b)(5) is reasonable and adequately sanctions the defendant for separate criminal conduct which could have resulted in the loss of human life.

Aplt. App. at 25.

The government has filed a motion to dismiss the appeal except for any issue related to the upward departure because of Sheppard's waiver of appeal rights. In reply to the motion to dismiss, Sheppard states that he "withdraws any issue with regard to error in enhancing [his] criminal severity rating under the criminal history category and will proceed simply on the issue of whether the trial court erred in departing upward." Response to motion at 2. Sheppard argues the district court's factual findings were

2

clearly erroneous. Specifically, he continues to argue that no witness identified him as the person who shot at the residences. He also argues an upward departure was not warranted because the guidelines offense level adequately reflected the seriousness of the offense, and the degree of the departure was unreasonable.

"In reviewing a district court's sentencing determination, we accept the district court's findings of fact unless clearly erroneous." United States v. Jones, 332 F.3d 1294, 1299 (10th Cir.), cert. denied, 124 S. Ct. 457 (2003). Generally, this court "'give[s] due deference to the district court's application of the guidelines to the facts.'" Id. (quoting 18 U.S.C. § 3742(e)). "Where the district court departs from the sentencing guidelines, however, we review de novo the district court's determinations." Id. De novo review of departures is required by the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (PROTECT Act), Pub. L. No. 108-21, 117 Stat. 650 (effective April 30, 2003). Formerly, we reviewed sentencing departures under a unitary abuse of discretion standard. Jones, 332 F.3d at 1299.

As an initial matter, we note the PROTECT Act requires that reasons for departure from the applicable guidelines range be set forth "with specificity" in a "written order of judgment." 18 U.S.C. § 3553(c)(2). Here, although the district court stated its reasons for upward departure on the record at the sentencing hearing, it failed to reduce its explanation to writing. Sheppard argues this failure requires remand for resentencing. However, he makes this argument for the first time in his reply brief. "This court does

3

not ordinarily review issues raised for the first time in a reply brief." Stump v. Gates, 211 F.3d 527, 533 (10th Cir. 2000). Although we have recognized an exception to this general rule when an issue initially raised in a reply brief relates to our subject matter jurisdiction, Sadeghi v. INS, 40 F.3d 1139, 1143 (10th Cir. 1994), this requirement of § 3553(c) is not jurisdictional. The district court's statement on the record is more than adequate to permit a meaningful review, particularly in light of the fact that we are required to review the district court's decision de novo. See 18 U.S.C. § 3742(e). Therefore, any error on the part of the district court in failing to reduce its reasoning to writing does not affect Sheppard's substantial rights. Even if Sheppard had timely raised the issue, we would conclude the court's failure in this regard was harmless. See Fed. R. Crim. P. 52(a) (stating that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded").

To determine whether the district court improperly departed from the guidelines range, we must determine (1) whether the factors the district court relied upon "advance the objectives set forth in section 3553(a)(2)," (2) whether the district court relied on a factor "not authorized under section 3553(b)," (3) whether the departure is "justified by the facts of the case," and (4) whether "the sentence departs to an unreasonable degree from the applicable guidelines range, having regard for the factors to be considered in imposing a sentence, as set forth in section 3553(a)." 18 U.S.C. § 3742(e)(3)(B)(i-iii), (C).

Section 3553(a) provides that "in determining the particular sentence to be imposed, [the court] shall consider . . . (2) the need for the sentence imposed--(A) to reflect the seriousness of the offense." In this case, the factor relied upon by the district court was the danger posed to the public by Sheppard's conduct. U.S.S.G. § 5K2.14 specifically provides that if "safety was significantly endangered [by the defendant's conduct], the court may increase the sentence above the guideline range to reflect the nature and circumstances of the offense." In light of § 5K2.14, we have recognized that the degree of danger to the public "reflects on the 'seriousness' of the offense, in accordance with 18 U.S.C. § 3553(a)(2)(A)." Jones, 332 F.3d at 1301. We conclude the upward departure advances the objectives set forth in § 3553(a)(2).

We further conclude that the district court did not rely upon factors not authorized by § 3553(b). U.S.S.G. § 2K2.1(a)(4) and (b)(5) establish the base offense level for Sheppard. There is no indication that the Sentencing Commission took into consideration the type of public endangerment involved in this case when it drafted U.S.S.G. § 2K2.1. Indeed, "[a]n upward departure may be warranted [if] . . . the offense posed a substantial risk of death or bodily injury to multiple individuals." U.S.S.G. § 2K2.1, comm. n.16. Moreover, Chapter 5, Part K, subpart 2 of the guidelines "identifies several circumstances that the Commission may have not adequately taken into consideration in setting the offense level for certain cases." U.S.S.G. § 5K2.0, comm. n.3(A)(i). Section 5K2.6 provides:

5

If a weapon or dangerous instrumentality was used or possessed in the commission of the offense the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others. The discharge of a firearm might warrant a substantial sentence increase.

The district court's upward departure gives due regard to the purposes set forth in § 3553 (a)(2). As noted, one of the stated purposes is that the sentence imposed reflect the seriousness of the offense. The court's upward departure also gives due regard to the relationship of the sentence imposed to sentences prescribed for similar offenses. U.S.S.G. § 2K2.1(b)(5) provides that "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense . . ., increase by 4 levels." Sheppard's offense level was increased 4 levels pursuant to U.S.S.G. § 2K2.1(b)(5). The court further analogized that a second 4-level increase would be an appropriate degree of departure given that Sheppard not only illegally possessed firearms and cocaine, but also endangered members of the public by shooting at two residences. By drawing this analogy, the district court used a reasonable methodology "hitched" to the guidelines and gave "due regard" to the guidelines. See United States v. Hannah, 268 F.3d 937, 941 (10th Cir. 2001) (stating "the district court must specifically articulate reasons for the degree of departure using any reasonable methodology hitched to the Sentencing Guidelines, including extrapolation from or analogy to the Guidelines" (internal quotation omitted)).

There is no basis for concluding that the district court's factual findings were

6

clearly erroneous and we accept those factual findings as true.  See Jones, 332 F.3d at 1299.  The court found that Sheppard discharged firearms without regard for the safety of others and in a manner that posed a substantial risk of death or bodily injury to multiple individuals.  Because an upward departure for public endangerment is expressly sanctioned by the guidelines and because the 4-level upward departure was based on sound analogy to the guidelines, the upward departure does not depart "to an unreasonable degree from the applicable guidelines range."  See 18 U.S.C. § 3742(a)(3)(C).  "A sentence imposed based upon either extrapolation or analogy from the guidelines will ordinarily meet the requirements of proportionality and uniformity." United States v. Kalady, 941 F.2d 1090, 1101 (10th Cir. 1991).

AFFIRMED.  The government's motion to dismiss is DENIED as moot.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

7